UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| NISHI SWARUP, ) | Case No. 6:13-bk-08989-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**<u>MEMORANDUM OPINION OVERRULING OBJECTIONS TO EXEMPTIONS</u>**

The Chapter 7 Trustee, Arvind Mahendru, and creditor, Triage Properties, LLC, ("Triage"), object to the exemptions the Debtor, Nishi Swarup, claims on three retirement accounts she received through a division of marital assets.[1] The Court overrules the objection finding that the Debtor held an exemptible interest in all three retirement accounts at the petition date.

Swarup's former spouse, Steven Ross, filed a Chapter 11 bankruptcy petition in the Southern District of Indiana ("Indiana Bankruptcy Court") on March 19, 2010.[2] Some time prior to Ross's bankruptcy petition, Swarup and Ross filed for divorce in an Indiana state court.[3] The state court proceeded with the dissolution proceeding, issuing a Decree of Dissolution of Marriage on June 27, 2011, but the Indiana Bankruptcy Court asserted jurisdiction over the

---

[1] The Trustee's Objection (Doc. No. 24) and Triage's Objection (Doc. No. 25) are virtually identical. Triage rested on the Trustee's arguments at the final evidentiary hearing held on August 11, 2014. The Trustee and, by extension Triage, withdrew their objection to the Debtor's claim of exemption as to a fourth account, the Fidelity 205 Annuity, because it was held in tenancy by the entireties. *See* 11 U.S.C. § 522(b)(3)(B) (exempting property under state tenancy by the entireties law).

[2] The Court takes judicial notice of the online docket in Steven Ross's Chapter 11 case, Case No. 10-03694-BHL-11. *See Boyd v. Georgia*, 512 F. App'x 915, 916-17 (11th Cir. 2013) (stating a court is allowed to "judicially notice a fact on its own and 'at any stage of the proceeding'").

[3] The dissolution proceeding took place in the Marion County Superior Court in Marion County, Indianapolis, Indiana. (Trustee's Exhibit 1 at ¶ 1.)

division of marital assets.[4]

On July 1, 2013, the Indiana Bankruptcy Court held a hearing to consider Ross's motion to approve a settlement agreement providing for distribution of the marital assets and an objection by Triage.[5]  At this hearing, the Indiana Bankruptcy Court allegedly orally divided the marital property and directed Ross's Indiana bankruptcy attorney to submit an order reflecting the ruling (the "July 1 Hearing").  Before the Indiana Bankruptcy Court entered its written order, however, Swarup filed this bankruptcy case on July 22, 2013.[6]  Later, on August 8, 2013, the Indiana Bankruptcy Court entered a written Order on Division of Marital Assets (the "Written Order").[7]  Parties agree the written order follows the earlier oral ruling of the Indiana Bankruptcy Court.

In the Written Order, Swarup received interests in the accounts at issue (collectively, the "Accounts"): an ING Annuity valued at approximately $112,174.24 ("ING Annuity")[8]; a Fidelity Investments Money Market Account with an account number ending in 780 valued at approximately $85,699.28 ("Fidelity 780 Annuity")[9]; a Fidelity Investments Money Market Account with an account number ending in 205 valued at approximately $7,554.19 ("Fidelity 205 Annuity")[10]; and a one-half interest in a Fidelity IRA with a total value of approximately $106,112.02 ("Fidelity IRA").[11]  Swarup listed her interests in the Accounts as exempt in her

---

[4] Trustee's Exhibit 1 at ¶¶ 3-4.
[5] (Minute Entry/Order, Exhibit A to Debtor's Exhibit 1.) The Minute Entry/Order states that the hearing was held to consider the Ross's Motion to Approve Settlement Agreement (Doc. No. 125, Case No. 10-03694-BHL-11) and Triage Property, LLC's objection to compromise (Doc. No. 144, Case No. 10-03694-BHL-11).
[6] Doc. No. 1.
[7] Trustee's Exhibit 1.
[8] The value of the ING Annuity is stated as of July 2, 2013. (Trustee's Exhibits 7, 8.)
[9] The value of the Fidelity 780 Annuity is stated as of September 30, 2013. (Trustee's Exhibits 2, 3.)
[10] The value of the Fidelity 205 Annuity is stated as of December 31, 2013. (Trustee's Exhibits 4, 5.)  The Trustee and Triage no longer object to the Debtor's claim of exemptions to this account.
[11] The value of the Fidelity IRA is stated as of February 28, 2014 and reflects the entire value of the IRA, not just the Debtor's one-half interest. (Trustee's Exhibits 6, 9.)

Schedule C.[12]

Section 522 of the Bankruptcy Code allows a debtor to protect his or her interest in certain property from creditors by claiming exemptions.[13] A debtor's claim of exemptions is presumed valid absent an objection by a party-in-interest.[14] The objecting party must establish by a preponderance of evidence that the debtor's exemptions are not properly claimed.[15] Section 522 contains its own exemption scheme, but the Code permits states to opt out of the federal exemptions and require debtors in their states to use the state exemptions.[16] Florida elected to opt out of the federal exemptions and has established its own set of exemptions applicable to debtors, like this Debtor, domiciled in Florida.[17]

Swarup asserts her interest in the Accounts is exempt under Section 222.21(2) of the Florida Statutes.[18] Section 222.21(2) provides "*any* interest of any owner, participant, or beneficiary in, a fund or account is exempt from all claims of creditors of the owner, beneficiary, or participant if the fund or account is" one of the tax-preferred account types enumerated in the statute.[19] Courts interpreting Florida exemptions should "begin with the basic proposition that exemptions are to be construed liberally in favor of providing the benefits of the exemptions to debtors."[20] Here, the Accounts undisputedly are the type of accounts exemptible under Section

---

[12] (Amended Schedule C, Doc. No. 23.) *See* Fla. Stat. §§ 222.21(2), 222.14.
[13] *See* 11 U.S.C. § 522.
[14] 11 U.S.C. § 522(l).
[15] Fed. R. Bankr. P. 4003(c); *In re Pettit*, 224 B.R. 834, 840 (Bankr. M.D. Fla. 1998).
[16] 11 U.S.C. § 522(b)(2), (3). The domicile test laid out in § 522(c)(3)(A) dictates which state's exemptions apply. Here, Florida exemptions apply.
[17] Fla. Stat. § 222.20(2) (2014).
[18] Swarup also claimed her interests as exempt under § 222.14 of the Florida Statutes. However, she is not listed as a beneficiary on any of the Accounts. *In re Turner*, 332 B.R. 461, 464 (Bankr. N.D. Fla. 2005) (holding that debtor could not be considered a beneficiary to an annuity because she was not the named beneficiary of the annuity). As such, the Debtor cannot claim the Accounts as exempt under Florida Statute Section 222.14.
[19] Fla. Stat. § 222.21(2) (2014).
[20] *In re Gatto*, 380 B.R. 88, 91 (Bankr. M.D. Fla. 2007) (citing *Havoco of Am. Ltd. v. Hill*, 790 So. 2d 1018, 1021 (Fla. 2001)); *accord In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007).

222.21(2).[21]  Further, neither party disputes that Swarup had enough of an interest in the Accounts for them to be deemed *property of the estate*.[22]  Indeed, the Trustee must concede that the Accounts constitute property of the estate to enable him to administer the assets in this Chapter 7 bankruptcy case.

The Trustee and Triage instead make a very odd argument.  They argue that, even though the Accounts are property of the estate, the Debtor had an insufficient and inchoate interest in the Accounts on the petition date (July 22, 2013) to claim them exempt.  Swarup, in response, argues that her interest in the Accounts matured upon the oral ruling of the Indiana Bankruptcy Court on July 1, 2013, which occurred pre-petition, and that the Written Order was merely ministerial.  She therefore contends she had enough of an interest in the Accounts as of the petition date to claim them as exempt under the Florida Statutes.

As an initial matter, the Court does not accept Swarup's argument that the Indiana Bankruptcy Court's pre-petition oral ruling conferred an interest in the Accounts to her.[23]  Swarup produced no transcript.  This Court cannot guess exactly what the Indiana Bankruptcy Court stated at the hearing.[24]  Did the court definitively divide the marital assets and pronounce it as an oral ruling?  Or did the court merely guide the parties in submitting a proposed order for the judge to later review?  The law in this Circuit is far from settled on whether an oral ruling or

---

[21] Because a debtor's claim of exemption is presumptively valid, *In re Caliri*, 347 B.R. 788, 797 (Bankr. M.D. Fla. 2006), and the objecting party bears the burden of proof on an objection to exemptions, Fed. R. Bankr. P. 4003(c), the Court finds the Trustee waived his argument, if any, that the Accounts are not the type of accounts exemptible under § Fla. Stat.  222.21(2).

[22] *Owen v. Owen,* 500 U.S. 305, 308, 111 S. Ct. 1833, 114 L. Ed. 2d 350 (1991) ("[O]bviously . . . an interest that is not possessed by the estate cannot be exempted.").

[23] Swarup cites a number of Florida cases for the proposition that an oral ruling is controlling over a subsequent written order. *See e.g.*, *Glick v. Glick*, 874 So. 2d 1238, 1239 (Fla. 4th DCA 2004); *Lazy Flamingo, USA, Inc. v. Greenfield*, 834 So. 2d 413, 414 (Fla. 2d DCA 2003); *Knott v. Knott*, 395 So. 2d 1196, 1197 (Fla. 3rd DCA 1981). Even if the Court were inclined to accept Swarup's argument, Florida law would not provide the rule of decision on interpreting the effect of an oral ruling made by a federal bankruptcy court in Indiana.

[24] The only evidence presented on what occurred at the hearing was a "Minute Entry/Order" entered on the docket by the Indiana Bankruptcy Court entered. The Minute Entry/Order states: "DISPOSITION: Hearing held. Court sets out division of property. Mr. Krebs to submit order pursuant to those terms." (Minute Entry/Order, Exhibit A to Debtor's Exhibit 1.)

subsequent written order controls, but, even putting that aside, I simply do not know the contours or details of the oral ruling.[25]

The inquiry does not end there, however, because this Court is convinced that, if the Accounts constitute property of the estate, the Debtor therefore necessarily had a sufficient interest in the Accounts, even if inchoate, to claim an exemption in them. The issue whether the oral ruling is enforceable is irrelevant.

The Trustee cites *In re Burgeson*[26] as persuasive authority that a debtor cannot exempt an equitable interest in exempt property. The timeline in *Burgeson* is similar to this case—the debtor filed for divorce, filed for bankruptcy, then received half of her ex-husband's ERISA pension through the state court property division.[27] But *Burgeson* is distinguishable. There, the debtor claimed an exemption under § 522(b)(3)(C) and 522(b)(4)(A), which limit the claimed exemption to "retirement funds."[28] The court held that because the debtor merely held an *equitable interest* in the retirement funds—that is, she was not technically a beneficiary of the ERISA plan as of the filing date—she could not claim the exemption under § 522(b)(3)(C).[29] In contrast, the Florida exemption Swarup claims is far broader; § 222.21(2) of the Florida Statutes exempts *any interest* of any owner of one of the specified account types.[30]

---

[25] The Eleventh Circuit has held that "a court's order is complete when made, not when it is reduced to paper and entered on the docket." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 700 (11th Cir. 2005); *see also In re Nail*, 195 B.R. 922 (Bankr. N.D. Ala. 1996) (holding order reinstating the stay effective upon oral ruling). But other courts in this Circuit have held differently. *See In re Gholston*, No. 6:11-BK-17200-ABB, 2012 WL 639288, at *4 n.3 (Bankr. M.D. Fla. Feb. 27, 2012) ("The oral ruling is not controlling; a written order is controlling."); *In re Brown*, 290 B.R. 415 (Bankr. M.D. Fla. 2003) (distinguishing *Nail* and holding that the oral ruling was not effective; the written ruling controlled).
[26] *In re Burgeson*, 504 B.R. 800, 802-03 (Bankr. W.D. Pa. 2014).
[27] *Id.*
[28] 11 U.S.C. § 522(b)(3)(C). As the Supreme Court recently held, the term "retirement funds" created a limitation to claiming an exemption under § 522(b)(3)(C). *See Clark v. Rameker*, — U.S. —, 134 S. Ct. 2242, 189 L. Ed. 2d 157 (2014).
[29] *Burgeson*, 504 B.R. at 806-07.
[30] Fla. Stat. § 222.21(2).

The Court finds a different case, *In re Dzeliak*,[31] more persuasive. *Dzeliak* also contained a similar fact pattern. The debtor filed for bankruptcy relief over two years after initiating her divorce proceeding, which, at the time of filing, had not yet resulted in any property division.[32] In her schedules, the debtor sought to exempt her "contingent interest in her ex-Husband's 401(k) plan," which she valued at half of the total account.[33] The trustee argued, just like the Trustee in this case, that the debtor could not exempt her interest in the 401(k) plan under the Illinois exemptions "because she did not have a specific interest in the 401(k) plan, but rather only a general claim for 'marital assets.'"[34] The court disagreed.

First, the court looked to Illinois state law to discern what interest the debtor had in the 401(k) account after the marital dissolution proceeding was filed but prior to any property division order. The court found that, under Illinois law, a spouse's interest in marital property vests when dissolution proceedings are commenced, giving the spouse a contingent interest in marital property that "ripens into full ownership" in the property ultimately distributed to that spouse.[35] Second, the court found that the Illinois exemption, similar to the Florida exemption, used "expansive language, referring to any 'interest in' a qualified plan."[36]

The *Dzeliak* court also struggled to reconcile the same position the Trustee takes here, stating that "[t]he Trustee's argument perhaps goes too far, since if the Debtor did not have even a contingent interest in the 401(k) plan, then it would not have been property of the estate in the first place."[37] In that same vein, the court reasoned that nothing in the Bankruptcy Code prevents a debtor from claiming an exemption in a contingent or equitable interest: "It would be

---

[31] *In re Dzielak*, 435 B.R. 538 (Bankr. N.D. Ill. 2010).
[32] *Id.* at 542-43.
[33] *Id.* at 542.
[34] *Id.* at 547.
[35] *Id.* at 547.
[36] *Id.* at 548 (citing 735 *Ill. Comp. Stat. Ann.* 5/12–1006 (West 2010)).
[37] *Id.*

an odd result indeed for the Code to so broadly include interests that are contingent, unliquidated, unmatured, or disputed as of the petition date as 'property of the estate' and yet flatly exclude such interests from any exemptions."[38] Other courts similarly have permitted debtors to claim an exemption in a contingent interest in exempt property.[39]

Finding the *Dzeliak* court's analysis persuasive, the Court first looks to state law to determine if Swarup had an interest in the Accounts prior to filing her bankruptcy petition. Swarup and Ross filed for dissolution of marriage in Indiana. Thus, Indiana law determines the extent of the Debtor's interest in the property at the time of filing.[40] Under Indiana divorce law, "a marital estate or pot comes into existence upon the filing of a petition for dissolution bringing all of the parties' property into it."[41] In Indiana, a spouse has an equitable interest in the marital estate when the petition for dissolution is filed.[42] Swarup had an equitable interest in the Accounts at the petition date, which matured upon the entry of the Written Order.

Second, Florida's exemptions do not prohibit Swarup from claiming an exemption in her equitable or contingent interest in the Accounts. Section 222.21(2) states that "*any* interest of any owner" of one of the enumerated types of accounts is subject to the exemption.[43] "The word 'interest' is a broad term encompassing many rights of a party, tangible, intangible, legal, and

---

[38] *Id.*
[39] *See, e.g.*, *In re West*, 507 B.R. 252, 261 (Bankr. N.D. Ill. 2014) (following the holding of *Dzeliak*); *In re Street*, 395 B.R. 637, 644 (Bankr. S.D. Ohio 2008) ("But a debtor may claim an exemption in an asset even though his or her only interest in the asset is contingent."); *In re Greer*, 242 B.R. 389 (Bankr. N.D. Ohio 1999) (permitting debtor to claim exemption in contingent interest in husband's 401(k) because "to hold otherwise would actually put a debtor . . . in the awkward position of having property included in their bankruptcy estate, to which no claim of an exemption could be asserted."); *In re Cathcart*, 203 B.R. 599 (Bankr. E.D. Va. 1996).
[40] *Travelers Cas. & Sur. Co. of Am. V. Pacific Cas & Elec. Co.*, 549 U.S. 443, 451, 127 S. Ct. 1199, 1205, 167 L. Ed. 2d 178 (2007) (stating that property interests are created and defined by state law).
[41] *In re Fritch*, 09-70546-BHL-7, 2011 WL 2181661, at *3 (Bankr. S.D. Ind. June 3, 2011).
[42] *See id.* ("Because a marital estate is created upon the filing of a petition for dissolution of marriage in Indiana, the Court finds that the Debtor's interest in the proceeds from the prenuptial agreement constituted a legal and/or equitable interest in property as of the commencement of the case regardless of when the divorce became final.").
[43] Fla. Stat. § 222.21(2).

equitable, and the court will not redefine the term to reach the result sought by the [Trustee]."[44]

The Debtor was an equitable "owner" of all assets in the "marital pot" under Indiana law.[45] That Swarup was not the record or legal owner on the Accounts on the petition date does not limit her right to claim her interest as exempt. Indeed, Ross still had not complied with the Written Order and transferred the Accounts to Swarup as of January 17, 2014, months after the Indiana Bankruptcy Court ordered him to do so.[46] Further, Florida courts routinely have permitted debtors to claim equitable interests as exempt in other circumstances.[47] Swarup can claim an exemption in her equitable interest in the Accounts.

Swarup held at least a contingent interest or equitable ownership interest in the Accounts at the time of filing her bankruptcy petition. Her interest is exemptible under § 222.21(2) of the Florida Statutes. The objections of the Trustee and Triage are overruled.[48] A separate order consistent with this Memorandum Opinion will be entered contemporaneously.

DONE AND ORDERED in Orlando, Florida, December 15, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Arvind Mahendru, Chapter 7 Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[44] *In re Holloway*, 81 F.3d 1062, 1066 (11th Cir. 1996) (quoting *Maddox v. Southern Discount Co. (In re Maddox)*, 713 F.2d 1526, 1530 (11th Cir. 1983)).

[45] *See In re Fritch*, 09-70546-BHL-7, 2011 WL 2181661, at *3 (Bankr. S.D. Ind. June 3, 2011).

[46] (Doc. No. 222 in Case No. 10-03694-BHL-11.) The Indiana Bankruptcy Court subsequently ordered Ross to turn over the Accounts. (Doc. No. 222 in Case No. 10-03694-BHL-11.)

[47] *See, e.g.*, *In re Cocke*, 371 B.R. 554, 558 (Bankr. M.D. Fla. 2007) (homestead exemption); *Bessemer Properties v. Gamble*, 27 So. 2d 832 (Fla. 1946) (holding it is not essential to hold title to land to claim homestead exemption); *Matter of Griseuk*, 165 B.R. 956 (Bankr. M.D. Fla. 1994) (holding debtor's tort claim is property of the estate but permitting debtor to claim exemption on any recovery that would be compensation for lost wages).

[48] Doc. Nos. 24 and 25.